UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

HARRY R. BARROW, JR.                          CIVIL ACTION NO.

VERSUS

ACE AMERICAN INSURANCE COMPANY,               JUDGE:
SCOTT PAYNE, BRIGGS EQUIPMENT, INC., and
STATE FARM MUTUAL AUTOMOBILE INS.
CO. as the UNINSURED/UNDERINSURED            MAG.
MOTORIST INSURANCE CARRIER OF
HARRY R. BARROW, JR.
*************************************************************************

### NOTICE OF REMOVAL

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
        EASTERN DISTRICT OF LOUISIANA

NOW INTO COURT, through undersigned counsel, come defendants, Scott Payne ("Payne"), Briggs Industrial Solutions, Inc. formerly known as Briggs Equipment, Inc. ("Briggs") and Chubb Insurance formerly known as ACE American Insurance Company ("ACE"), who respectfully show:

1.

Harry R. Barrow Jr. ("Plaintiff") filed a Petition for Damages against Payne, Briggs and ACE and State Farm Mutual Automobile Insurance Company ("State Farm") in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, entitled "*Harry R. Barrow, Jr. v. ACE American Insurance Company, Scott Payne, Briggs Equipment, Inc. and State Farm Mutual Automobile In. Co. as the Uninsured/Underinsured Motorist Insurance Carrier of Harry R. Barrow, Jr.*," No. 22-0777, Division "A" which is attached as Exhibit 1. To the knowledge of Payne, Briggs and ACE, the only pleadings filed into the record of the state court proceedings are

the Petition for Damages filed by plaintiff and an Answer to Petition for Damages by defendant, State Farm.

2.

This Notice of Removal is filed within thirty (30) days after receipt by the removing defendants of "other paper" from which it may first be ascertained that the case is one that has become removable pursuant to 28 USC §1446(b)(3). Specifically, defendants attach a copy of the August 4, 2022 email from John Ginart as counsel for plaintiff to undersigned counsel as counsel for the removing defendants attaching numerous medical records and bills including MRI reports to plaintiff's cervical, thoracic and lumbar spine. The email and relevant bills and MRI reports are attached in globo as Exhibit 2. Certain confidential information on plaintiff has been redacted.

3.

Plaintiff's Petition for Damages alleges that Harry R. Barrow, Jr. suffered personal injuries in a motor vehicle accident occurring on or about July 16, 2021 on Interstate 10 in the Parish of Jefferson, State of Louisiana. Plaintiff alleges that his vehicle was struck in the rear by a vehicle driven by Payne, who was employed by Briggs and insured by ACE. Plaintiff further alleged that State Farm Mutual Automobile Insurance Company was his uninsured/underinsured motorist insurance carrier at the time of the accident.

4.

The referenced action is one which this Court has original jurisdiction under the provisions of 28 USC 1332, and is one which may be removed to this court by defendants pursuant to 28 USC 1441 in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as between citizens of different states.

5.

In the Petition for Damages, plaintiff identifies himself as a resident of the Parish of St. Bernard, State of Louisiana.  The Petition for Damages alleges that Payne is a resident of the State of Mississippi, Briggs is domiciled in the State of Delaware, ACE is foreign insurance company and State Farm Mutual Automobile Insurance Company is a foreign insurance company.  In fact, Payne is a resident of the State of Mississippi; Briggs is a Delaware corporation with its principal place of business in Texas; ACE is a Pennsylvania insurance company with its principal place of business in Pennsylvania; and State Farm Mutual Automobile Insurance Company is incorporated in the State of Illinois with its principal place of business in Illinois.[1]  Consequently, this suit is between citizens of different state for the purposes of 28 USC 1332 and complete diversity of citizenship exists because plaintiff is a citizen of Louisiana; Payne is a citizen of Mississippi; Briggs is a citizen of Delaware and Texas for purposes of diversity jurisdiction; ACE is a citizen of Pennsylvania for purposes of diversity jurisdiction; and State Farm Mutual Automobile Insurance Company is a citizen of Illinois for purposes of diversity jurisdiction.

6.

Payne, Briggs and ACE show that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.  In the Petition for Damages, plaintiff alleges that he has suffered "severe and painful personal injuries including, but not limited to, injuries to his back, neck, shoulders, etc. causing him to seek medical attention."  He further alleges that he "has sustained monetary losses in the form of medical bills incurred in his care and treatment including, but not limited to, past, present and future physical pain and suffering, mental anguish,

---

[1] For purposes of citizenship pursuant to 28 USC 1332, an uninsured motorist carrier does not assume the citizenship of its insured.  *Morris v. Progressive Cas. Ins. Co.*, 2021 WL1207812 (E.D.La. 2021); See *Carter v. Lawhorn*, 2018 WL5847824 at *2 (E.D.La. 2018, citing *Hernandez v. Travelers Ins. Co.,* 489 F. 2d 721, 725 (5th Cir. 1974)

inconvenience and aggravation and other out-of-pocket expenses which will be shown at the trial of this matter." Further, although allowed to do so by Louisiana Code of Civil Procedure art. 893, plaintiff has failed to include in his Petition for Damages a general allegation that his claims exceed or are less than the requisite amount to establish federal court diversity jurisdiction.

7.

On August 4, 2022, plaintiff counsel on behalf of plaintiff forwarded medical records and bills to undesigned counsel, the relevant portions of which are attached in globo as Exhibit 2. As can be seen from the provided records and bills, the limited bills provided by plaintiff exceed $10,000 and plaintiff's physicians have diagnosed various herniations to numerous discs in plaintiff's cervical, thoracic and lumbar spine which plaintiff's physicians relate to the motor vehicle accident at issue. Those alleged herniations include a 3 mm herniation at C6-7 indenting the thecal sac and touching the spinal cord; a 2.3 mm herniation at T5-6 indenting the thecal sac and touching the spinal cord; a 5.4 mm herniation at L4-5 indenting the thecal sac; and a 3.4 mm herniation at L5-S1 touching the thecal sac. Further, the provided records indicate that plaintiff has been referred to a neurologist to address his injuries allegedly related to the accident at issue.

8.

Upon information and belief, plaintiff continues to receive medical treatment for the injuries and losses he relates to the accident at issue.

9.

The potential general damages and special damages, including but not limited to medical bills, show that the total potential award in plaintiff's favor represents more than $75,000 "in controversy."

10.

Based on the allegations in the Petition for Damages and the medical records and bills provided by plaintiff counsel, the requisite amount in controversy is met.  Plaintiff has not entered binding stipulations limiting any award which might be made, nor has he provided affidavits waiving any recovery above any ceiling.  Thus, he has not taken the steps to irrevocably limit his potential damage award, which is required in the Fifth Circuit when the injuries described facially appear to place a greater amount in controversy.  *DeAgular v. Bowing Co.,* 47 F. 3d 1404 (5th Cir. 1995).  As stated by the *DeAgular* court, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints."  *DeAgular*, *supra*, quoting *In re Shell Oil Co.*, 970 F. 2d 355, 356 (7th Cir. 1992).

11.

Furthermore, plaintiffs filing suit in Louisiana state courts allege an indeterminate amount of damages, unless they affirmatively renounce their right to recover damages in excess of $75,000. *Jacobs v. Dun & Bradstreet, Inc.*, WL 211098, *2 (E.D. La. 1/27/09); *Levith v. State Farm Fire & Cas. Co.,* 2006 WL 2947906, *2 (E.D. La. 10/11/06).  In the absence of specific allegations that the amount in controversy is less than $75,000, the items of damages alleged by a plaintiff are factors that generally weigh in favor of finding the facially apparent test satisfied. *Jeffcoats v Rite-Aid Pharmacy*, 2001 WL 1561803, *3 (E.D. La. 12/6/01).  For these reasons, defendants submit that the amount in controversy reasonably exceeds $75,000 and this court is vested with subject matter jurisdiction over the action pursuant to 28 USC 1332.

12.

Even further, a survey of cases shows that the requisite jurisdictional amount "in controversy" is satisfied when herniations in the cervical, thoracic and/or lumbar portions of the spine are at issue.  Consider the following examples:

- In *Hebert v. Boesch*, 194 So. 3d 798 (La. App. 1st Cir. 2016), plaintiff sustained disc bulges at C6-7 and L4-5 and was awarded $95,291 in general damages and medical expenses.

- In *Locke v. Young,* 973 So. 2d 831 (La. App. 2nd Cir. 2007), plaintiff sustained two bulging lumbar discs and was awarded $75,000 in general damages.

- In *Raimondo v. Hayes*, 30 So. 3d 1177 (La. App. 3rd Cir. 2010), the plaintiff had disc abnormalities at L4-5, L5-S1, T6-7 and T8-9 and was awarded $88,695 in combined general damages and medical bills.

- In *Williams v. Mathieu*, 155 So. 3d 54 (La. App. 4th Cir. 2014), plaintiff sustained herniated discs at C3-4, C5-6 and bulges at C6-7 and L5-S1 and was awarded $83,761 in combined general damages and medical expenses.

13.

This removal is made with Payne, Briggs and ACE reserving all rights to assert and plead any and all defenses to the claims presented by plaintiff, including but not limited to those specifically enumerated in Rule 12(b) of the Federal Rules of Civil Procedure.

14.

In compliance with the requirements of 28 USC § 1446(B)(2), "all defendants properly joined and served" have consented in the removal of this action.  Please see Exhibit 3 with the authorized Consent to Removal from State Farm Mutual Automobile Insurance Company.

15.

Pursuant to 28 USC 1446(d), undersigned counsel avers that contemporaneously with the filing hereof, notice has been given to all adverse parties whose identities are known and have filed a copy of this Notice of Removal with the clerk of the State Court as per Exhibit 4.

16.

Pursuant to 28 USC 1447(b), Payne, Briggs and ACE will file with the  Clerk of Court within ten (10) days the following:

- A list of all parties still remaining in this action;

- A copy of all pleadings, including answers, filed by those parties in State Court; and

- Copies of returns on service of process of those parties filed in State Court.

WHEREFORE, defendants, Scott Payne, Briggs Industrial Solutions, Inc. formerly known as Briggs Equipment, Inc. and Chubb Insurance formerly known as ACE American Insurance Company, pray that the above action now pending in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana be removed therefrom to this Honorable Court.

Respectfully submitted,


*/s/Dean M. Arruebarrena*
Dean M. Arruebarrena (#24283)
Michael B. Guerry (#37145)
Stefini W. Salles (#25857)
Jeffrey C. Brennan (#25585)
Taylor M. Bacques (#39108)
**LEAKE & ANDERSSON, LLP**
1100 Poydras Street, Suite 1700
New Orleans, LA  70163
Phone:  504-585-7500
Facsimile:  504-585-7500

Attorneys for Defendants, Scott Payne, Briggs Industrial Solutions, Inc. formerly known as Briggs Equipment, Inc. and Chubb Insurance formerly known as ACE American Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing pleading has been delivered to all counsel of record through the CM/ECF system or by electronic submission this 30th day of August, 2022.

*/s/Dean M. Arruebarrena*